Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000517
31-JUL-2013
07:58 AM

NO. CAAP-12-0000517

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARY JO FRYE,
Plaintiff-Appellee,
v.
C. MIKAHALA KERMABON,
Defendant-Appellant,

HEIRS OR ASSIGNS OF W.L. PULELOA(K), ET AL,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0455(1))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)


Pro Se Defendant-Appellant C. Mikahala Kermabon appeals the "Final Judgment In Favor of Plaintiff Mary Jo Frye" entered April 26, 2012 in the Circuit Court of the Second Circuit[1] (circuit court).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Rhonda I.L. Loo presided.

well as the relevant statutory and case law, we conclude Kermabon's appeal is without merit.

The circuit court granted summary judgment against Kermabon on the grounds that Kermabon failed to show any genuine issues of material fact to refute Mary Jo Frye's claim to title by adverse possession.

"It is well established that one claiming title to real property by adverse possession must bear the burden of proving by clear and positive proof, each element of actual, open, notorious, hostile, continuous, and exclusive possession for the statutory period." Mauna Kea Agribusiness Co., Inc. v. Nauka, 105 Hawai'i 252, 255, 96 P.3d 581, 584 (2004) (brackets omitted) (quoting Morinoue v. Roy, 86 Hawai'i 76, 81, 947 P.2d 944, 949 (1997)).

The statutory period claimants must prove adverse possession was ten years between 1893 and 1973 and was extended to twenty years in 1973. Wailuku Agribusiness Co., v. Ah Sam, 114 Hawai'i 24, 34 n.19, 155 P.3d 1125, 1135 n. 19 (2007). Successive interests may be tacked to create a continuous possession where there is privity of estate or title between each of the successive possessors so as to link each to the original entry. Kainea v. Kreuger, 31 Haw. 108, *4 (Haw Terr. 1929). Privity may be established by any conveyance or agreement whether in writing or oral. Id. The claimant need only establish that each successive possession was connected and continuous. Id.

Frye presented the circuit court with ample evidence establishing Kaonoulu Ranch as the original entry for purposes of adverse possession. Constructing fences and using the land for pasture constitutes evidence of actual, open, notorious, and continuous use. Deponte v. Ulupalakua Ranch, Limited, 48 Haw. 17, 19, 395 P.2d 273, 274-75 (1964). Frye submitted a declaration from a ranch hand employed by Kaonoulu Ranch since

2

1952. The ranch hand testified that part of his duties at Kaonoulu Ranch included repairing stonewalls and wire fences, and driving bulls in and out of the property. The ranch hand further testified to the presence of water troughs and pipelines maintained by Kaonoulu Ranch. Frye provided sworn testimony from a related civil case in which the ranch hand testified that such activities continued from 1954 until 1989. The activities conducted by Kaonoulu Ranch on the property comprise actual, open, notoriously, continuous use of the property for over thirty-five years, supporting Frye's assertion that Kaonoulu Ranch was the original entry and had satisfied the requirements for adverse possession.

Frye submitted evidence confirming privity of estate or title between Frye and Kaonoulu Ranch, linking Frye's interest to the original entry. Frye presented two expert reports created by senior title researchers. The first expert report charted the possession of land from the original land commission grant to Keawe to the conveyance from DeCoite to Okuno. In the second report, the expert charted land possession from Okuno to Brown. Both reports referenced recorded deeds and written conveyances. The reports show a connected, continuity of possession from Kaonoulu Ranch to Brown. Frye submitted a deed recording the conveyance from Brown to Brown and Frye, completing the link from Kaonoulu Ranch to Frye. Though Frye failed to provide all of the actual deeds referenced in the expert reports, a written conveyance is not necessary to effectuate privity. Kainea, 31 Haw. at *4. Therefore, the expert reports sufficiently establish privity of estate or title between Frye and Kaonoulu Ranch. Having established grounds for tacking successive interests, Frye satisfies the statutory period for adverse possession.

3

Review of the record supports the circuit court conclusion that Frye successfully demonstrated all requisite elements of adverse possession.

Therefore,

IT IS HEREBY ORDERED that the "Final Judgment In Favor of Plaintiff Mary Jo Frye" entered April 26, 2012 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, July 31, 2013.

On the briefs:

C. Mikahala Kermabon
Defendant-Appellant pro se.

Michael W. Gibson
(Ashford and Wriston)
for Plaintiff Appellee Mary Jo
Frye.

Chief Judge

Associate Judge

Associate Judge

4